### GEORGE B. HAWK v. HENRY SEGRAVES ET AL.

1. When, in action of trespass, brought in a court for the trial of small causes, the defendant pleads *liberum tenementum*, and suit is thereupon brought in the Supreme Court, the defendant is not confined to precisely the same plea filed before the justice, but is at liberty to file in this court any other plea which only sets up, by way of defence, title to real estate. If he relies in this court on "title by way of justification," it is sufficient.

2. A plea in which defendant sets forth his derivative title to the right of way under which he seeks to justify, without averring in direct terms his title to the way, is in accordance with approved precedents.

3. The plea, if argumentative, is bad only in form, and cannot be taken advantage of by demurrer. If it may be replied to, under the statute, it should not be stricken out.

---

On motion to strike out plea.

The case was submitted on written briefs.

For the motion, *J. G. Shipman.*

Contra, *J. F. Dumont.*

DALRIMPLE, J. The plaintiff founds his motion to strike out the defendant's plea on two grounds—first because it is not the same plea filed before the justice ; second, because, it is argumentative, and so framed as to prejudice, embarrass, and delay the fair trial of the action. The action is trespass, and was originally brought in the court for the trial of

small causes.  The plea in that court was *liberum tenementum*.  In this court it is a plea of justification by virtue of a private right of way.  The issue sought to be raised by the plea in this court is one not within the jurisdiction of the court for the trial of small causes.  The defendant is not confined to precisely the same plea filed before the justice.  He is only restricted in this court to a plea of title, and, though his plea before the justice may have been *liberum tenementum*, he is at liberty to file in this court any other plea which only sets up, by way of defence, title to real estate.  And it is immaterial that the title set up before the justice was to the soil or freehold, and in this court to an easement or incorporeal hereditament therein.  To this effect there are several cases decided by this court. · *Phillips* v. *Kent et al.*, Spencer 686 ; *Campfield* v. *Johnson*, 1 *Zab.* 84 ; *Brain* v. *Snyder*, 1 *Vroom* 56 ; *Randolph* v. *Montfort*, 1 *Harr.* 226.

Besides, there is nothing in the act providing for the transfer of such cases from the court for the trial of small causes to this court, which goes to show that the legislature intended that the defendant should be confined in this court to the same plea of title filed in the court below.  If the relies here, or in the court below, " on title by way of justification," it is all that is required.

It is insisted, in the next place, that the plea is argumentative, and so framed as to prejudice, embarrass, and delay the fair trial of the action.  The precise objection to the *pleading* is, that the defendant has spread upon the record his derivative title to the right of way under which he seeks to justify.  It is argued that the pleader should have averred in direct terms, the defendant's title to the way, and that the statement of the grant to the original grantee, and the subsequent conveyances, is but setting forth the evidence of the right claimed, and that, therefore, the pleading is argumentative, and no proper issue can be raised thereon.

The plea has been drawn after approved precedents.  3 *Chitty's Pl.* 1118–1127.

Hawk v. Segraves et al.

The form is the same as that adopted in a number of contested cases in which no objection to the pleading was started. *Whalley* v. *Tompson et al.*, 1 *B. & P.* 371; *Campbell* v. *Wilson*, 3 *East* 294; *Livett* v. *Wilson*, 3 *Bing.* 115; *Senhouse* v. *Christian et al.*, 1 *T. R.* 560.

In the case of *Bullard* v. *Harrison*, 4 *M. & S.* 387, it was held that a way of necessity could not be pleaded generally, without showing the manner in which the land over which the way is claimed is charged with it. And it may at least be well doubted whether such general plea would, without the aid of our statute, (*Nix. Dig.* 737, § 150,\*) in any case be held sufficient; nor do I see that there is any difficulty in replying to this plea. All the material facts necessary to constitute a defence are averred in positive and direct terms. The plaintiff may, without difficulty or embarrassment, directly traverse or confess and avoid any of the matters thus alleged. By force of our statute (*Nix. Dig.* 751, § 235,†) he may, by leave of the court or a judge, plead in answer to the defendant's plea, or subsequent pleading, as many matters as he shall think necessary to sustain his action. At most, argumentative pleading is only bad in form, and is aided by verdict or general demurrer. It is said that the defect of such pleading is not in the matter, but in the manner of pleading it. *Gould's Pl.* 65. If, therefore, we assume that the plea is liable to the objection urged, inasmuch as the plaintiff could not take advantage of the defect on demurrer, and we can perceive no difficulty in framing a replication thereto, there is no reason why the plea should be stricken out.

The motion is denied with costs.

DEPUE and VAN SYCKEL, Justices, concurred.

\* *Rev.*, *v.* 868, § 128.   †*Rev.*, *p.* 867, § 120.